[No. 7191.  Decided September 18, 1908.]

IONA WAREHOUSE COMPANY, *Appellant*, v. OTTO
VAN BUREN, *Respondent*.[1]

CORPORATIONS—REPRESENTATIONS—AUTHORITY OF MANAGER—RATI-
FICATION.  Upon conflicting evidence of witnesses as to the authority
of a managing agent of a corporation to purchase wheat and hold
the same for an advance price, his authority so to do is established
where it appears from bank books and other documents that he had
continually been doing business in that way for two years, to the
knowledge of the stockholders and officers, and that no complaint
was made until it was found that a loss would be sustained through
a fall in the market.

Appeal from a judgment of the superior court for Adams
county, Warren, J., entered April 20, 1907, upon findings in
favor of the defendant, after a trial before the court without
a jury, in an action for an accounting.  Affirmed.

*Lovell & Davis*, for appellant.

*O. R. Holcomb*, for respondent.

PER CURIAM.—The plaintiff, Iona Warehouse Company, a
corporation, has been engaged in the business of buying,
selling, and shipping wheat prior to, and during the years
1905 and 1906, at Iona, in Adams county.  Early in the
year 1905, it employed the defendant, Otto Van Buren, as its
managing agent to conduct its business, which he did until
February, 1906.  He purchased and sold wheat, transacted
all business of the corporation, made collections, deposited its
funds in the Pioneer State Bank at Ritzville, drew and signed
its checks, conducted its correspondence, kept its books of ac-
count, and in fact was, under the authority of the board of
directors, in full and complete charge of all of plaintiff's
business affairs.  He, from time to time, purchased wheat in
large quantities from various persons, some of whom were
stockholders, directors, and officers of the plaintiff corpora-

[1]Reported in 97 Pac. 291.

tion. Much of this wheat was held by the defendant at plaintiff's warehouse for an advance in price, instead of being immediately sold. Wheat fell in price, with the result that a considerable loss was incurred. Thereupon the plaintiff, claiming the defendant had violated his instructions and had incurred loss by holding the wheat instead of making immediate sales, commenced this action for an accounting, demanding judgment against him in the sum of $4,600. The defendant denied any neglect of duty, wrongful acts, or liability on his part. The cause was, upon stipulation, referred to the court commissioner to take and report evidence. Upon consideration of the evidence and exhibits so reported, the trial judge entered judgment in favor of the defendant, dismissing the action. The plaintiff has appealed.

The controlling question before us is whether the respondent, Van Buren, acted in excess or violation of his authority in holding the wheat so that the same might be sold at an advance on a rising market. Upon this issue, the evidence was in sharp conflict. A number of appellant's officers and stockholders testified that the respondent was instructed to make sales of all wheat purchased on the respective dates of purchase, but that he had violated such instructions. This the respondent denied. By stipulation all the bank books, check books, bank statements, letters, books of account, and other documents pertaining to appellant's business were introduced in evidence as exhibits, and the originals are now before us for our consideration.

The respondent not only contends that he was authorized by the appellant to conduct its business in the manner in which it was conducted, but that the stockholders, directors, and officers had actual knowledge of his acts, and by their acquiescence ratified the same. This contention was rightfully sustained by the trial court. The evidence shows that the appellant had conducted the same business during preceding years, and that respondent had previously represented

it.   The bank books show that, throughout all the years the appellant had been doing business, including 1905 and 1906, large overdrafts had been continually carried by it at the Pioneer State Bank.   Other documents and books positively establish the fact that these overdrafts were caused by disbursements of funds in the purchase of wheat, which funds were not replaced by immediate sales.   Appellant's books of account show that continually, from month to month, it made payments of interest to the bank on these large overdrafts.   The appellant made no complaint to respondent of this method of transacting business until the season was about over and it became apparent that a loss would be sustained.   From the indisputable documentary evidence now before us, we conclude that the trial judge was right in finding in favor of the respondent.

The judgment is affirmed.